UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AIX SPECIALTY INSURANCE
COMPANY,

      Plaintiff,

v.                                                           Case No: 8:19-cv-2533-T-36AAS

SHANEKA EVERETT and 1207 MLK
LIQUORS, INC. d/b/a HOLLYWOOD
NIGHTS SOUTH,

      Defendants.

_____/

## <u>O R D E R</u>

This cause comes before the Court upon Defendant Shaneka Everett's Motion for Final Summary Judgment (the "Motion") (Doc. 19). The Court, having considered the Motion and being fully advised in the premises, will deny the Motion, without prejudice, as premature.

## DISCUSSION

Shaneka Everett ("Everett") initiated an action against 1207 MLK Liquors, Inc. d/b/a Hollywood Nights South ("MLK Liquors") in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on September 28, 2018 (the "Underlying Action"), alleging that she was shot on MLK Liquors' premises. (Doc. 1 ¶¶12–13). MLK Liquors was insured under a surplus commercial general liability insurance policy (the "Policy") issued by AIX Specialty Insurance Company ("Plaintiff") at the time of this shooting. *Id.* at ¶9. Plaintiff initiated this action to seek a judgment declaring that it does not have a duty to defend or indemnify MLK Liquors or any other putative insured under the Policy in the Underlying Action. *Id.* at ¶2.

Plaintiff served Everett with the complaint in this action on April 6, 2020. (Doc. 17-1). The docket does not indicate that Plaintiff has served MLK Liquors. On April 13, 2020, Everett filed

her Answer and Affirmative Defenses. (Doc. 18). One day later, Everett filed the Motion, seeking (1) entry of judgment against Plaintiff because no genuine issues of material fact exist and she is entitled to judgment as a matter of law; and (2) an award of reasonable attorneys' fees. (Doc. 19 at 8). Everett argues that the Policy's Firearms Exclusion endorsement contemplates injury from multiple firearms, given the endorsement's use of the plural form of "firearm," whereas Everett was injured "from the discharge of a single firearm." *Id.* at 11. Everett also emphasizes the nature of MLK Liquors' business and other exclusionary endorsements within the Policy to support her argument. *Id.* at 12–18.

"Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact.  *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery." *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1530 (11th Cir. 1986).

But if the court is convinced that discovery is inadequate, it should deny summary judgment. *See Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996) (Kovachevich, C.J.).

As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 n.1 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). Indeed, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Blumel*, 919 F. Supp. at 428 (quoting *Parrish v. Bd. of Comm'r of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)). The Court must be fair to both parties, which means it must allow for an adequate record prior to considering a motion for summary judgment. *Id.*

Citing one unpublished case from a sister court within the Eleventh Circuit, Everett contends that "[i]n cases seeking declaratory relief and the interpretation of insurance policy language, concerns over prematurity of motions for summary judgment are often not as meritorious." (Doc. 19 at 9). However, in this unpublished case, the defendant-insured responded to the plaintiff-insurer's motion by arguing that the motion was premature because the defendant-insured "require[d] *further* discovery" to present evidence demonstrating issues of material fact. *Tower Ins. Co. of N.Y. v. Bilu Holdings, Inc.*, No. 11-21771-CV-LENARD/O'SULLIVAN, 2012 WL 13012756, at *3 (S.D. Fla. Oct. 16, 2012) (emphasis added). The Court rejected this argument because the defendant-insured had failed to present any evidence that *further* discovery was necessary and summary judgment was thus premature. *Id.*

There has not been an opportunity for the parties to engage in *any* discovery in this action, much less adequate discovery, because Everett was only recently served and the Court has not set a schedule for discovery under a case management and scheduling order, as the parties have not

3

filed a case management report. Clearly, Plaintiff has not had sufficient opportunity to develop the record in this action. Having recognized that the Plaintiff has not received an adequate opportunity for discovery, Eleventh Circuit case law demands the Court's denial of the Motion. Therefore, the Motion will be denied as premature. The parties may move for summary judgment at a later stage in these proceedings, when discovery has been conducted.

Accordingly, it is **ORDERED**:

1. Defendant Shaneka Everett's Motion for Final Summary Judgment (Doc. 19) is **DENIED** without prejudice.

**DONE AND ORDERED** in Tampa, Florida on April 17, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4